UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEECIE MARIA HART,

    Plaintiff,

v.

                                        Hon. Hala Y. Jarbou

                                        Case No. 1:23-cv-752

COMMUNITY ACTION AGENCY
OF SOUTH CENTRAL MICHIGAN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Neecie Maria Hart filed a pro se complaint against Community Action Agency of South Central Michigan alleging discrimination "based on race, bias, and unfair hiring practice." (ECF No. 1 at PageID.1.) She alleges that the Court has jurisdiction "because it's within my district." Plaintiff does not cite the legal basis for her claim, but giving her the benefit of her pro se status, it may be presumed that she asserts her claims under Title VII of the Civil Rights Act of 1964.

On July 14, 2023, I granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 4) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Based on this review, I conclude that the complaint fails to state a claim upon which relief can be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's

allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe her pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also

transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

> Plaintiff's allegations are scant:
>
> I was racially discriminated for a position that I applied. The position was given to a white individual with less and no experience. Candidate also didn't meet the minimum qualifications. There's evidence of conflicting materials.

(*Id.*)

Pursuant to Title VII, an employer is prohibited from "discriminat[ing] against any individual . . . because of such individual's race, color, religion, sex, or national origin." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010) (quoting 42 U.S.C. § 2000e-2(a)(1)). A plaintiff is not required to allege an indirect-evidence prima facie case of discrimination under the *McDonnell Douglas* burden-shifting framework at the motion to dismiss stage. *Keys v. Humana, Inc.*, 684 F.3d 605, 606 (6th Cir. 2012). Nonetheless, a plaintiff alleging race discrimination is still required to "allege sufficient factual content to make a claim for relief plausible." *Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711, 722 (E.D. Mich. 2021). In other words, a plaintiff must allege enough facts to allow the court to infer that the plaintiff suffered the alleged adverse employment action because of her race. *See Wiseman v. Spectrum Healthcare Res.*, No. 2:21-cv-02042, 2021 WL 4399718, at *3 (W.D. Tenn. Sept. 27, 2021) (quoting *Flynn v. Memphis Pathology Lab. (AEL)*, No. 2:19-2882-CV-SHL-TMP, 2020 WL 5801087, at *3 (W.D. Tenn. Sept. 29, 2020)).

Here, Plaintiff's allegations fall far short of the *Twombly*/*Iqbal* pleading standard set forth above, as they are largely conclusions of law that suggest nothing more than the mere possibility of misconduct. Plaintiff alleges nothing about her race, the position for which she applied, her qualifications for the position, or the qualifications of the white applicant whom she claims

received the position. *See Day v. Gaschen*, No. 2:14-cv-586, 2014 WL 2762672, at *2 (S.D. Ohio June 18, 2014), *report and recommendation adopted*, 2014 WL 3359682 (S.D. Ohio July 9, 2014) (noting that "plaintiff offers no factual support whatsoever for her conclusory legal assertions"). Thus, Plaintiff fails to state a claim.

## **Conclusion**

For the reasons set forth above, I recommend that the Court dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  July 17, 2023                              /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).